# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STEPHEN P. NORMAN, individually )
and as Trustee of the Stephen Price )
Norman Revocable Trust, and )
NICOLE NORMAN, )
               Plaintiffs, )
                )
    v. )    C.A. No. N25C-07-089 PRW
                )
CAVE CONSTRUCTION, INC., )
GLEN CAVE, PILOTTOWN )
ENGINEERING, INC., and )
GWEN KANGAS, Trustee of the )
Kangas Living Trust, )
              Defendants. )

Submitted: July 30, 2026
Decided: August 3, 2026

*Upon Plaintiffs' Motion for Partial Summary Judgment,*
**DENIED.**

## ORDER

**HAVING FULLY CONSIDERED** Plaintiffs' Motion for Partial Summary Judgment (D.I. 31); the Cave Defendants' Answer thereto (D.I. 34);[1] the parties' cited authorities; and the record developed thus far—there is no doubt factual disputes abound. The contest that Plaintiffs seek to resolve cannot be determined on this early-stage evidentiary record, and accordingly, the Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.

---

[1]   The Court notes that Pilottown Engineering, Inc., has not yet filed its own answer, responded to the filings presently before the Court, nor did it appear or otherwise participate in oral argument.

-1-

(1) Both sides are familiar with the factual background developed thus far and the procedural history of this case; so, the Court only discusses each briefly.

(2) On or about March 1, 2024, Stephen Norman executed a contract with Gwen Kangas to purchase a property in Frankford, Delaware ("the Property").[2] After signing, Mr. Norman discovered various construction and other issues with structures located on the Property, including that a large addition and two garage outbuildings had been constructed without a Certificate of Occupancy issued by Sussex County.[3]

(3) Ms. Kangas retained Greg Hastings and Hastings Associates (collectively, the "Hastings Entitites") to address the permitting and related construction issues.[4] The Hastings Entities, in turn, hired Glen Cave and Cave Construction (collectively, the "Cave Entities") to perform repair work on the affected structures.[5] The Hastings Entities also hired Pilottown Engineering.[6] Pilottown inspected the Property and identified structural deficiencies requiring remediation; The Cave and Hastings Entities performed the requested work.[7] The

---

[2] Pls.' Mot. Summary Judgment Ex. E, at 3 (D.I. 31) [hereinafter "Stephen Norman Aff."]; Cave's Answer 9 (D.I. 34).

[3] Stephen Norman Aff. 3.

[4] Cave's Answer Ex. A, at ¶¶ 2–3 [hereinafter "Glen Cave Aff."]; Pls.' Mot. Summary Judgment ¶ 3.

[5] Glen Cave Aff. ¶ 2; Pls.' Mot. Summary Judgment Ex. C, at ¶ 14.

[6] Pls.' Mot. Summary Judgment Ex. A [hereinafter "Pilottown Report"].

[7] Pilottown Report.

Property then received a Certificate of Occupancy,[8] and the sale closed.

(4) Sometime thereafter the Normans concluded that the repairs were inadequate and obtained a second engineering opinion, which criticized both the condition of the structures and the prior remediation efforts.[9] The Normans filed this action against the Cave Entities, the Hastings Entities, Ms. Kangas, and Pilottown Engineering on July 10, 2025, asserting six claims against the Cave Entities sounding in breach of contract, fraud, and negligence (Counts II–VII).[10] The complaint asserted only one claim against Pilottown Engineering: negligence under the Homeowner's Protection Act (Count VII).[11]

(5) On March 18, 2026, the Court granted dismissal of the claims against

---

[8] Cave's Answer Ex. B [hereinafter "June 2024 Cert. Occupancy"]. The Certificate of Occupancy was issued by Sussex County on June 11, 2024.

[9] Pls.' Mot. Summary Judgment Ex. B [hereinafter "Delmarva Engineering Report"].

[10] The Counts are as follows (with brief descriptions for each): Count I: Breach of Contract—Brought solely against Ms. Kangas for failing to ensure necessary repairs were made; Count II: Breach of Contract—Brought against Ms. Kangas, Mr. Cave, Cave Construction, Mr. Hastings, and Hastings Associates for breach of obligations arising from agreements to perform the repairs; Count III: Breach of the Delaware Consumer Fraud Act—Brought against Mr. Cave, Cave Construction, Mr. Hastings, and Hastings Associates for engaging in deceptive conduct constituting consumer fraud; Count IV: Common Law Fraud—Brought against Mr. Cave, Cave Construction, Mr. Hastings, and Hastings Associates for engaging in deceptive conduct constituting fraud; Count V: Fraudulent Misrepresentation—Brought against Mr. Cave, Cave Construction, Mr. Hastings, and Hastings Associates for falsely representing compliance with the Pilottown report to Sussex County and to Plaintiffs; Count VI: Breach of Implied Warranty—Brought against Mr. Cave, Cave Construction, Mr. Hastings, and Hastings Associates for breach of the implied warranties of workmanship; Count VII: Negligence via The Home Owner's Protection Act, 6 Del. C. § 3652—Brought against Ms. Kangas, Mr. Cave, Cave Construction, Mr. Hastings, Hastings Associates, and Pilottown for failing to complete, verify, or accurately report the required code-compliant repairs. *See generally* Amend. Compl. (D.I. 2).

[11] *See generally* Amend. Compl.

-3-

the Hastings Entities upon stipulation of Plaintiffs and the Hastings Entities.[12]

(6) On May 20, 2026, Plaintiffs filed this motion seeking summary judgment against the Cave Entities and Pilottown Engineering on each of the claims brought against those three defendants.[13] This Order resolves that motion.

(7) The parties are familiar with the standard of review the Court uses here. This Court can grant a moving party's motion for summary judgment under Delaware Superior Court Rule 56 when no genuine issue of material fact exists, and where the party is entitled to judgment as a matter of law.[14] The Court won't grant summary judgment if there are disputed material facts[15] or if "it seems desirable to inquire thoroughly into [the facts] to clarify the application of the law to the circumstances."[16] The moving party has the burden of establishing that "its claim is supported by undisputed facts."[17] In determining whether such a genuine issue exists, "the Court must view the facts in the light most favorable to the non-moving

---

[12] D.I. 29 (dismissed with prejudice).

[13] Pls.' Mot. Summary Judgment; *see* Amend. Compl.

[14] Del. Super. Ct. Civ. R. 56; *Jiggy Puzzles, LLC v. Steelhead Acquisition EE, Inc.*, 2026 WL 465112, at *4 (Del. Super. Ct. Feb. 18, 2026); *Genworth Fin., Inc. v. AIG Specialty Ins. Co.*, 2025 WL 688987, at *6 (Del. Super. Ct. Feb. 21, 2025), *aff'd,* 2026 WL 620937 (Del. Mar. 5, 2026).

[15] *Radulski v. Liberty Mut. Fire Ins. Co.*, 2020 WL 8676027, at *3 (Del. Super. Ct. Oct. 28, 2020); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

[16] *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del. 1962).

[17] *Radulski*, 2020 WL 8676027, at *3 (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).

party."[18]  Lastly, while summary judgment is encouraged, there is no "right" to it.[19]

(8)    Turning first to the breach-of-contract claim (Count II), the current evidentiary record doesn't quite get the Plaintiffs there.  The Normans submit that they were intended third-party beneficiaries of agreements concerning remediation work performed on the Property—thus, they contend that they and the Cave Entities are effectively contractual parties with one another.[20]  But the current record does not establish, indisputably, the scope of the relevant contractual arrangements, the obligations undertaken by the parties, or the extent to which the Cave Entitites understood that their performance was intended to benefit the Normans directly.  Nor does the record sufficiently establish breach.  Without a better understanding of the Cave Entities' alleged breach or their knowledge regarding the Normans' purchase of the property (along with all the other elements establishing third-party beneficiary

---

[18]  *Id.* (citing *Judah v. Del. Tr. Co.*, 378 A.2d 624, 632 (Del. 1977)).

[19]  *Arclight Capital Partners, LLC v. Lexington Ins. Co.*, 2026 WL 1383078, at *5 (Del. Super. Ct. May 18, 2026); *US Dominion, Inc. v. Fox News Network, LLC*, 293 A.3d 1002, 1034 (Del. Super. Ct. 2023).

[20]  Amend. Compl. 11; Pls.' Mot. Summary Judgment 10–11. In this scenario, a plaintiff must prove the elements of the breach claim as well as the elements of their third-party beneficiary status to obtain summary judgment. *Encore Preakness, Inc. v. Chestnut Health & Rehab. Grp., Inc.*, 2017 WL 5068753, at *4 (Del. Super. Ct. Nov. 1, 2017) ("To qualify as a third party beneficiary, (i) the contracting parties must have intended that the third party beneficiary benefit from the contract, (ii) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (iii) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract."); *Wellgistics, LLC v. Welgo, Inc.*, 2024 WL 4327343, at *8 (Del. Super. Ct. Sept. 27, 2024), *as corrected* (Nov. 25, 2024) (explaining a breach-of-contract complaint must prove "(1) the existence of a contract; (2) the breach of a contractual obligation; and (3) resulting damages.").

status and the resulting breach of contract), the claim cannot be resolved on summary judgment.

(9)     The fraud-based claims (Counts III–V) are similarly situated.  The Normans assert claims under the Delaware Consumer Fraud Act, as well as claims for common-law fraud and fraudulent misrepresentation.[21]  Each of those causes of action requires proof of elements were not established by the record presently before the Court.[22]  Questions remain concerning the nature and content of the alleged representations, the knowledge and intent of the parties making those representations, and the extent to which the Normans relied upon them.  It's unclear whether all parties understood the repairs and their necessity as Plaintiffs now contend, or whether any actionable misrepresentations were made.  Such issues are quintessentially factual and therefore inappropriate for summary disposition now.

(10)    The same is true of the implied warranty claim against the Cave Entities (Count VI) and the negligence claim against the Cave Entities and Pilottown Engineering (Count VII).  The Normans contend that (1) the remediation work fell

---

[21]  *See generally* Amend. Compl.

[22]  *Blue Beach Bungalows DE, LLC v. State*, 351 A.3d 1007, 1043 (Del. 2025) (discussing the elements of fraud); *Teamsters Local 237 Welfare Fund v. AstraZeneca Pharm. LP*, 136 A.3d 688, 693 (Del. 2016) (discussing the ways the Delaware Consumer Fraud Act differs from traditional legal and equitable actions for fraud, our high court noted: "the defendant must have intended that others rely on the omission or concealment"; it is found "regardless of actual reliance by the plaintiff"; and the act does not require proof that the tortfeasor intended to induce reliance by the plaintiff); *Sands v. Homestar Remodeling, LLC*, 2025 WL 2924494, at *12 n.203 (Del. Super. Ct. Oct. 14, 2025) ("Under Delaware law, the elements for common law fraud, fraudulent inducement, and fraudulent misrepresentation are the same.").

below the applicable standard of workmanship and (2) Pilottown Engineering failed to provide an accurate and nonmisleading assessment of the condition of the Property and the code compliance of the structures thereon.[23] To prevail on Count VI, amongst other things, the Normans must establish that the Cave Entities breached any implied obligation (to them) to perform the remediation work in a workmanlike and competent manner,[24] and to prevail on Count VII, the Normans must establish that the Cave Entities and Pilottown owed them a duty of reasonable care, breached that duty, and thereby caused their alleged damages.[25] But more facts are still needed to address any potential duties owed to the Normans, the adequacy of the work performed,[26] the meaning and scope of Pilottown's representations, and the context, communication, and communiqué of those involved in the remediation of the Property.[27] Resolution of those questions will

---

[23] Amend. Compl. 14–16.

[24] *Frazier v. Roofing*, 2024 WL 4948932, at *7 (Del. Com. Pl. Nov. 26, 2024); *Sinclair v. CMI Solar & Elec., Inc.*, 2024 WL 4647833, at *5 (Del. Com. Pl. Oct. 31, 2024).

[25] *Griffith v. Energy Indep., LLC*, 2017 WL 6403509, at *2–5 (Del. Super. Ct. Dec. 13, 2017); *Lee-Scott v. Shute*, 2017 WL 1201158, at *4–6 (Del. Com. Pl. Jan. 30, 2017); *Ireland v. Gemcraft Homes, Inc.*, 2011 WL 4553166, at 2–3 (Del. 2011 Oct. 3, 2011). It should be noted that the Home Owner's Protection Act isn't a cause of action; instead, it statutorily eliminates the Economic Loss Doctrine in specified circumstances. DEL. CODE ANN. tit. 6, § 3652 (2026).

[26] The Court cannot, at this stage, simply compare the Pilottown Report and the Delmarva Engineering Report and establish all the elements the Normans seek the Court to imply from them.

[27] *See Woodard v. Keller Williams Realty Central Delaware*, 2026 WL 1286576, at *2–3 (Del. Super. Ct. May 7, 2026) (holding that the existence and scope of duties arising from an undertaking depend upon the particular services performed, the protection of foreseeable third parties, and factual allegations showing increased risk, assumption of duty, or reliance).

require a more fully developed evidentiary record.

(11)  After a thorough review of the motion for summary judgment, the response thereto, and the record to date, the Court finds that—at the very least—a fuller evidentiary record is needed to resolve the parties' dispute.  Given all this, the Court must **DENY** Plaintiffs' current Motion for Partial Summary Judgment (D.I. 31).[28]

**SO ORDERED,**

/s/ *Paul R. Wallace*
_____
Paul R. Wallace, Judge

Original to Prothonotary

cc:  All counsel via File & Serve

---

[28]  At oral argument, the Cave Entities suggested they are at least due dismissal of Glen Cave on the ground that he has been sued in his individual capacity without a sufficient legal basis.  Because that issue is not properly before the Court at this time, the Court doesn't resolve it here.  Should the issue remain, the Cave Entities may address through a proper application later.